OPINTOX of the Court, by
Ch. J. Bovíte
— ⅛ -was an action by petition and summons. At,the term to which the summons was returnable, when ífie canse was called, the defendant objected to go into the trial, because it appealed that the transcript of the hote, in, CiW óf the petition served on him, had the date of the 22d of July, 1813 ; whereas the copy in the original petition was of the date of the 2d of that month and year. But the court overruled. his objection, and on the application of the plaintiff, ordered the copy of the petition served on the defendant tobe amended, which was accordingly clone, and a tidal immediately had.
Whether this proceeding is correct or not, is the only question presented by the assignment of error. The statute authorising* the action by petition and summons, requires the execution thereof to he made by deiiver-ing a eppy of the petition aud summons to the defendant. The object of the law in requiring the process to he thus served, was not only to warn the defendant to appear, but to enable him in the meantime to prepare to make such defence as the nature of his case might warrant. To answer this purpose it is hot necessary that the copy delivered to the defendant, should* in every mi-nutke* correspond with the original petition. Mere literal *33 hr even verbid variances in the formal or unsubstantial parts of the petition, as they could not mislead or deceive the defendant, and thereby defeat the object of the jaw in requiring a copy of the petition to be delivered to him, ought not to be regarded. But it is evident that a dif--ferent rule must prevail with respect to variances in the material and substantial parts of the petition. Thus, for example, if the copy of the petition delivered to the defendant, were variant from the original in the name of the obligee or payee, the amount of the demand, and the time of payment, no one would hesitate to say 'that the service upon the defendant was not such as the law required. In the example put, the variance is indeed tort gross and palpable not to strike every one with the impropriety of such a service. But every case where the variance, though not so flagrant, is in a material Or substantial part, must come within the same principle, and be governed by the same rule. The only difficulty then in this case is to determine whether the date of the note is material or not.
It is certainly true, that the date of a bond or note ⅛' not essential to its validity. It may be good without a date, or with ait impossible date. But where a bond or note has a date, the date constitutes a part of its description ; and it has been often held that in pleading ⅛ is necessary to allege the date ; and if there is any vari> anee between the allegation and the true date, that the variance is material, because it does not thereby appear to be the same bond or note — 2 Saund. 5, notes, and the authorities there cited.
It results, therefore, that the copy delivered in this case to the defendant, and the original petition, are materially and substantially variant, and that the servjce of the process was, therefore, insufficient.
The judgment mi,ist be reversed with costs, and thp cause remanded for new proceedings.