THIS was a petition and summons, brought by Thomason against Stapp and Massie, upon a note *215 for one hundred and ninety dollars. The summons was returned executed, to the first term of the court rifter its date ; but the return, as to Stápp, was quashed, because it had been executed on him when attend, ing muster, and an abas summons was awarded, and the cause continued to the iiCxt term, at which term the alias summons against Stapp was returned executed, and the record states, “ This day came the parties by their attorneys, and bow the defendant files his plea of payment, to which the plaintiff makes replication, and issue is thereon joined to the country, and the cause is continued to the next term.” The récord then proceeds, “ Here follows the plea filed in this cause,” and á paper is inserted, purporting, in its caption, to be & plea in abatement by Stapp. It alleges, that the copy of the petition served on him, variedjmaterially and iri substance from the original petition, iri leaving out the word, dollars, in the Copy of the note inserted in the copy of the petition served on him ; and it prays that the return of the sheriff and the copy of the petition may be quashed. No farther notice of this plea is taken in the record; and at the next term, to which the causé had been continued, the defendants not appearing though solemnly called, judgment was entered against them for the debt in the petition mentioned. To re» verse that judgment, they prosecute this writ of error with supersedeas.
Two points are made by the assignment of error. The first we shall notice, is, that the judgment was improperly entered against the defendants, when there was a plea in abatement filed by them, to which there was no replication by the • plaintiff, and upon which no issue was made up.
From the manner the paper which is called a plea in abatement, is inserted in the record, there is some doubt whether it ought to be considered as regularly filed, or whether it has not been transcribed by the clerk by mistake, instead of the plea of payment, on which the record states issue was joined to the country. Be that, however, as it may, the result will be the same. If it were not regularly filed, the plaintiff was certainly not bound to notice it; and if it were so filed, still, we apprehend, he might disregard or treat it as a nullity, opposing no obstacle to his entering judgment.
*216 The variance alleged in the plea, between the copy served on tlie defendant, Stapp, and the original petition, was, no doubt, material ; but a variance of that sort cannot be alleged in abatement,of the suit. It does not go to the commencement of the suit, but to the subsequent process, and is in fact but a clerical misprison, and, like every other misprison of the sort, may be amended, where there is, as in this case, some* thing to amend by. Such a variance would unquestionably furnish a good objection to a trial at the first term, as was held by this court in the case of Bridges vs. Cain, 4 Bibb 32. That is as far as this court has gone, and perhaps is as far as it ought to go, upon this subject. Blit, suppose that such a variance should vitiate the service of the process, and constitute a. suffi. cient ground for quashing the return of the sheriff; yet, as it could not go in abatement of the suit, (that being rightly brought,) it would notbe the proper subject of a plea, and could be taken advantage of only by way bf motion;
We are, therefore, bf opinion, that this plea formed iio objection to entering the judgment in this case.
The other point máde by the assignment of error, Questions the propriety of taking the judgment by default, as there wás án issue joined upon the plea of payment. This point is more clearly untenable than the former. Taking it for granted, that there was a plea of payment, and issue thereupon joined, (and as there is no such plea copied into the record, that is evidently tlie most favorable supposition for the defendant in the action,) it would result, as the plea is in the af. firmative, that the omis probandi would lie upon them ; and in such a case, it is well settled, that if a defendant makes default, judgment may be entered against him for such default — Milner vs. Miller, 4 Bibb 342.
The judgment must, therefore, be affirmed with costs and damages.